

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Overruled by
Dickison v.
City of San Antonio,
reported in 349 S.
W. 2d. 640, error
ref. N. R. E.

Honorable J. N. Preston
County Attorney
Childress County
Childress, Texas

Dear Sir:

Opinion No. O-4749
Re: Whether property acquired by
the United States Government
after the 1st day of January
is subject to assessment for
school tax, and if so, can the
taxes be collected?

In your letter of July 28, 1942, you request our
opinion on the facts which appear from your letter, to-wit:

"During the month of March of this year,
certain private lands were taken by the Federal
government for the purpose of constructing a
military flying school. School tax renditions
on real estate are now being taken by the tax
assessor for the current year. The question
has arisen as to whether or not taxes should
be assessed on the land acquired by the govern-
ment against the private owners who had title
to said land on January 1st, and if so, can the
taxes be collected. My contention is that the
taxes on said property should be assessed
against the owners as of January 1st, but that
there is no method of enforcing collection in
as much as the property is now owned by the
United States government.

"Briefly stated the question is: If the
United States Government acquires property by
eminent domain after January 1st, should the
school taxes on said land for the current year
be assessed against the owners as of January
1st, and if so, is there any method of enforc-
ing collection of said taxes?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 7151 of Vernon's Annotated Civil Statutes reads as follows:

"All property shall be listed for taxation between January 1 and April 30 of each year, when required by the assessor, with reference to the quantity held or owned on the first day of January in the year for which the property is required to be listed or rendered. Any property purchased or acquired on the first day of January shall be listed by or for the person purchasing or acquiring it. If any property has, by reason of any special law, contract or fact, been exempt or has been claimed to be exempted from taxation for any period or limit of time, and such period of exemption shall expire between January 1, and December 31 of any year, said property shall be assessed and listed for taxes as other property; but the taxes assessed against said property shall be for only the pro rata of taxes for the portion of such year remaining."

By Article 7152, V. A. C. S., the owner of real estate is required to list or render the same for taxation. Should he fail to do so, Article 7205, R. C. S., makes it the duty of the Assessor to list and assess the same in "The name of the owner; if unknown, say 'unknown.'"

As to the enforcement of the liability of the taxpayer, Article 7272, V. A. C. S., states as follows:

"All real and personal property held or owned by any person in this State shall be liable for all State and County taxes due by the owner thereof including tax on real estate, personal property and poll tax; and the Tax Collector shall levy on any personal or real property to be found in his county to satisfy all delinquent taxes, any law to the contrary notwithstanding:
. . ."

By virtue of the provisions of these statutes, the ownership of property on the first day of January creates a personal liability on the part of the owner for taxes for that year, and the sale thereof shortly afterwards does not affect

the rule. Humble Oil & Refining Company v. State (Civ. App.), 3 S. W. (2d) 559; Caswell & Co. v. Habbersettle (Civ. App.), 87 S. W. 911; Winters v. Independent School District (Civ. App.), 208 S. W. 574; Childress County v. State (Sup. Ct.), 92 S. W. (2d) 1011; Cranfill Bros. Oil Co. v. State (Civ. App.), 54 S. W. (2d) 813 (error refused); Gerlach Mercantile Co. v. State (Civ. App.), 10 S. W. (2d) 1035 (error refused).

In the light of the above cited authorities we think taxes should be assessed against the owner as of January 1, 1942, irrespective of the fact that since that date the property has been acquired by the right of eminent domain and is now exempt from taxation by the provisions of Article VIII, Section 2 of the Constitution of Texas, Article 7150, Vernon's Annotated Civil Statutes, and existing governmental immunities.

As to the available means of collecting an assessment, Article VIII, Section 15 of the Constitution provides:

"The annual assessment made upon landed property shall be a special lien thereon; and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, under such regulations as the legislature may provide."

The tax collector in the collection of delinquent taxes may proceed against any property then belonging to any person who has failed or refused to pay the taxes imposed on him or his property. Masterson v. State (Civ. App.), 42 S.W. 1003; McMahan v. State (Civ. App.), 147 S. W. 714. This personal obligation of the delinquent taxpayer does not affect the special tax lien that is attached to each tract or parcel of land for the taxes assessed against it. Hoffman v. Wood (Civ. App.), 258 S. W. 835; Richey v. Moor (Sup. Ct.), 249 S. W. 172.

As to the former owners liability for taxes, 40 Texas Jurisprudence, page 104 ( ¶ 70) states the following:

"Thus if the owner should sell the property before the date on which the tax becomes due he is liable therefor and to any penalties or interest

Honorable J. M. Preston, page 4

that has accrued, although as between such owner
and the purchaser, he may be entitled under the
contract of sale to recover over from the pur-
chaser."

Article 7172, V. A. C. S., creating a special lien
on the property reads:

"All taxes upon real property shall be a
lien upon such property until the same shall
have been paid. And should the assessor fail
to assess any real estate for any one or more
years, the lien shall be good for every year that
he should fail to assess for; and he may, in list-
ing property for taxes any year thereafter, assess
all the back taxes due thereon, according to the
provisions of this title."

This lien is not voided by the fact the property may
later pass to the United States Government. This question has
been decided by the Supreme Court of the United States in the
case of United States v. Alabama (1940) 313 U. S. 273, 85 L.
Ed. 1327. In the opinion of the court, Mr. Chief Justice
Hughes said:

"That law in creating such liens for taxes sub-
sequently assumed in due course and making them
effective as against subsequent purchasers did
not contravene the Constitution of the United
States and we perceive no reason why the United
States albeit protected with respect to proceed-
ings against it without its consent, should stand,
so far as the existence of the liens is concerned
in any different position from that of other pur-
chasers of land in Alabama who take conveyances
on and after the specified tax date. It is fami-
liar practice for grantees who take title in such
circumstances to see that provision is made for
payment of taxes and the Government could easily
have protected itself in like manner. Finding
no constitutional infirmity in the state legisla-
tion, we think that the lien should be held valid."

Honorable J. M. Preston, page 5

The court points out, although a valid lien is created on the property, it cannot be enforced during the time the government holds title to the property as the United States would be an indispensable party to a suit, such as provided by Article 7326 and 7328, V. A. C. S., and cannot be sued without its permission.

This does not prevent a lien when properly perfected from remaining a cloud on the title and if title to the property again passes into private ownership it will pass subject to the tax lien which the State may at that time enforce.

The foregoing conclusions apply to school district taxes as well as to State and county taxes. The 44th Legislature in 1935 adopted Article 1060a, V. A. C. S., which reads as follows:

"That the provisions of Title 122 (Articles 7041-7359) of the Revised Civil Statutes, of Texas of 1925, be, and the same are made available in so far as same may be applicable and necessary to all school districts and municipal corporations organized under any general or special law of this State and which have power and authority to levy and collect their own taxes, and that each of such corporations shall have the benefit of all liens and remedies for the security and collection of taxes due them as is provided in said Title in the case of taxes due the State and County. Acts 1935, 44th Leg., p. 666, ch. 281, § 1."

We think there is no question as to the applicability of Article 1060a to common school districts and independent school districts when the school district taxes are assessed and collected by the county tax assessor and tax collector as provided by Articles 2795, and 2792, V. A. C. S. When the independent school districts assess and collect their own taxes in accordance with Article 2758 and 2791, V. A. C. S., we think the same rule is applicable though the assessment be made any time during the year as is permitted in certain situations by Article 1043, V. A. C. S., which applies to independent school districts as well as to incorporated cities and towns. Mission Independent School District v. Armstrong

Honorable J. M. Preston, page 6


(Com. App.), 222 S. W. 201, reversing (Civ. App.), 195 S.W.
895; Turbeville v. Gowdy (Civ. App.), 272 S. W. 559.

Article 1045 requires the property owner between
January 1st and April 1st to hand to the city assessor and
collector an inventory "of the property possessed or con-
trolled by him, her or them, within said limits on the first
day of January of the current year." Tax liability is fixed
by ownership in the city on the first day of January, as
evidenced by the holding that an extension of the city limits
to include property after the 1st day of January, though be-
fore the tax levy and assessment, does not make such prop-
erty liable for city taxes for that year. City of Austin v.
Butler (Civ. App.), 40 S. W. 340. This rule is likewise ap-
plicable to independent school districts annexing territory
after the 1st day of January, Geffert v. Yorktown Independent
School District (Civ. App.), 285 S. W. 345, reversed on other
grounds (Com. App.), 290 S. W. 1083. By the operative effect
of Articles 1045 and 7151 all school district taxes as well
as State and county taxes, attach and liability is fixed as
of the 1st day of January, though the assessment may be made
at an uncertain date during the year.

Article VIII, Section 15 of the Constitution creates
a constitutional lien for all taxes when the assessment is
made. By Article 7172 this lien for State and county taxes
is made to relate back and attach to the land on the 1st day
of January of the year for which the assessment was made,
Hoge v. Garcia, (Civ. App.) 296 S. W. 982. By Article 1060a,
this lien has been extended to school district and city
taxes. Likewise personal liability for the taxes on the
part of the owner of the property on January 1st is fixed.

Specifically answering your question, it is our
opinion that as to property acquired by the Federal govern-
ment in March, taxes thereon should be assessed against the
owner thereof as of the preceding January 1st. Said private
owner is personally liable for State, county and school
taxes. The specific lien upon the property is unenforceable
so long as it is owned by the Federal government in the ab-
sence of consent by the Federal government to the foreclosure
of the tax lien.

Honorable J. M. Preston, page 7

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Walter R. Koch*
Walter R. Koch
Assistant

WRK:db

APPROVED OCT 16, 1942

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

